NOT FOR PUBLICATION
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS DIANA,<br><br>        Plaintiff,<br><br>v.<br><br>AEX GROUP, et al.,<br><br>        Defendants. | Civil Action No.: 11-1838 (PGS)<br><br>**MEMORANDUM** |

This matter comes before the Court on a motion to dismiss Plaintiff Louis Diana's ("Plaintiff's") Complaint, filed by Defendants AEX Group and Michael Maenner (collectively "Defendants"). Plaintiff's Complaint alleges violations of the New Jersey Law Against Discrimination, breach of contract, retaliation, punitive damages, and aiding and abetting. Defendants move to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(4) for failure to serve a summons upon Defendants and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, Defendants' motion is granted.

I.

On or about February 23, 2011, Plaintiff filed his Complaint in the Superior Court of New Jersey, Hudson County. On March 23, 2011, Defendants removed the Complaint to this Court. Defendants thereafter moved to dismiss Plaintiff's Complaint on April 21, 2011.[1]

---

[1] The Court notes that in Plaintiff's "Counter Statement of Material Facts," attached to Plaintiff's opposition brief, Plaintiff states: "Though there is no diversity jurisdiction, the defendants removed

In his Complaint, Plaintiff indicates that he was employed by Defendant AEX Group from September 2007 to March 31, 2010. AEX Group's main office is located in Ashton, Pennsylvania, and the company is owned by Defendant Michael Maenner. Plaintiff first worked as a Compliance Officer, but was then promoted to Security Supervisor. As Security Supervisor he was responsible for overseeing the Field Auditors, training employees, auditing each building, maintaining the alarm systems, and investigating all theft. Throughout his employ with AEX Group, Plaintiff's work performance met the expectations of his employers. Plaintiff contends that in March 2010, he was fired on the basis of his age and replaced by a "much younger man who was trained by the [P]laintiff." Defendants allegedly told Plaintiff that he was fired due to a reduction in force, but Plaintiff alleges it was merely a pretext to hide Defendants' discriminatory motive.

Count One of Plaintiff's Complaint alleges Defendants violated the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 et. seq. Plaintiff alleges that the NJLAD proscribes discrimination and harassment against an employee because of his national origin and/or disability, forbids retaliation on the basis of national origin, disallows terminating an employee on the basis of age, and "prohibits employees of defendant Freehold Auto from aiding, abetting, coercing or

---

the Complaint to Federal Court and then filed a motion to dismiss on the pleadings." Such an argument is properly made in the context of a motion to remand, which Plaintiff has not filed. Nevertheless, the Court is satisfied that there is diversity jurisdiction in this action because Plaintiff's Complaint indicates that Plaintiff is a resident of New Jersey and Defendants AEX Group and Michael Maenner are both residents of Pennsylvania. Diversity jurisdiction does not require that every party have different citizenship from every other party; rather, it requires that every plaintiff be diverse from every defendant. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant."). There appears to be complete diversity in this action.

compelling discriminatory acts against the plaintiff."[2] Count Three[3] of Plaintiff's Complaint alleges that the aforementioned actions of Defendants constitute a breach of contract because "defendant issued an Employee Handbook that set forth directly or impliedly a covenant prohibiting the defendant from violating the [NJ]LAD and otherwise acting in a discriminatory or retaliatory manner." Similarly, in Count Four, Plaintiff alleges that the actions of Defendants constitute common law retaliation. Count Five requests punitive damages. Finally, Count Six alleges that Defendant Maenner engaged in conduct in the work place that was intimidating, hostile, and offensive to a reasonable person under the NJLAD and that Maenner decided to fire Plaintiff based on plaintiff's age.[4]

## II.

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[2] Plaintiff's reference to Freehold Auto is curious as that entity is not named as a Defendant in the instant action.

[3] Plaintiff filed a six-count Complaint. Count Two – "Fictitious Party Allegations" – is not relevant to the instant motion as it is directed towards John Does or "fictitious individuals, corporations, professional associations, or anyone else who participated in anyway with the treatment, management and supervision of Plaintiff."

[4] This Count is not challenged under Rule 12(b)(6) by Defendants.

*Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard requires that the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 55 U.S. at 555). While the factual allegations in a complaint must be accepted as true, such treatment is "inapplicable to legal conclusions." *Id.*

### III.

In this action, Defendant challenge's Plaintiff's claims for violation of the NJLAD, common law breach of contract, common law retaliation, and punitive damages. Plaintiff was employed by Defendant AEX Group, a Pennsylvania corporation, and Michael Maenner, the owner of the corporation. However, curiously absent from Plaintiff's Complaint is any indication of the state in which Plaintiff worked. Without such information, the Court cannot properly discern whether Plaintiff has stated any claims upon which relief may be granted.

For example, New Jersey courts have consistently applied the law of the State where employment occurred to claims of workplace discrimination; more specifically, New Jersey courts have only applied the NJLAD if the plaintiff was employed in New Jersey. *Satz v. Taipinia*, No. 01-5921, 2003 U.S. Dist. LEXIS 27237, at *45-46 (D.N.J. Apr. 15, 2003) ("New Jersey courts have consistently applied the law of the state of employment to workplace claims, and have therefore only applied the NJLAD if the plaintiff worked in New Jersey. When a New Jersey resident worked exclusively in Pennsylvania, Pennsylvania law (the law of the state of her workplace) applied and the NJLAD (the law of the state of her residence and the employer's headquarters) did not." (citing *Brunner v. AlliedSignal, Inc.*, 198 F.R.D.

612, 613-14 (D.N.J. 2001))); *see also Devine v. Apollo Health St., Inc.*, 2010 U.S. Dist. LEXIS 41659, at *8, n.3 (E.D. Pa. Apr. 26, 2010) (finding New Jersey resident, employed in Pennsylvania office, not entitled to NJLAD's protections merely because she resides in New Jersey); *Buccilli v. Timby, Brown & Timby*, 283 N.J. Super. 6, 10 (App. Div. 2010) (finding Pennsylvania law applies where New Jersey resident worked exclusively in Pennsylvania). Thus, if Plaintiff was not employed in New Jersey, he may not sustain a claim under the NJLAD. However, if Plaintiff was employed in New Jersey and the NJLAD applies to his employment claims, Plaintiff's common law breach of contract and common law retaliation claims may not be sustainable. *See Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 308-09 (3d Cir. 2004) ("New Jersey law does not provide a separate breach of contract cause of action on the basis of generalized anti-discrimination language in an employee handbook where the alleged discrimination would be in violation of the NJLAD. Such a breach of contract cause of action would add nothing to the statutory cause of action."); *Waiters v. Hudson Cnty. Corr. Ctr.*, No. 07-421, 2010 U.S. Dist. LEXIS 44393, at *16 (D.N.J. May 5, 2010) ("[B]oth state and federal courts have found that New Jersey's Law Against Discrimination ("NJLAD") preempts or precludes supplementary common law actions." (citing *Butler v. Sherman, Silverstein & Kohl, P.C.*, 755 F. Supp. 1259 (D.N.J. 1990); *Shaner v. Horizon Bancorp.*, 116 N.J. 433, 561 (N.J. 1989); *Catalane v. Gilian Inst. Corp.*, 271 N.J. Super. 476 (App. Div. 1994).

In this case where Plaintiff resides in New Jersey, but where employment is located in Pennsylvania; Pennsylvania law applies to the discrimination claim. The complaint is dismissed, but Plaintiff has twenty (20) days to file an amended complaint.

_____
PETER G. SHERIDAN, U.S.D.J.

September 1, 2011